STOULIG, Judge.
Plaintiff, the Parish of Jefferson, filed suit to recover an alleged rental overpayment to defendants, Phyllis Ditta, wife of/and Richard J. Andrews’. Personal service of the petition and citation was effected on Mrs. Andrews and through her, domiciliary service was obtained on Mr. Andrews.
More than one year after citation, Mrs. Andrews filed an answer and alleged, inter alia, she and her co-defendant were divorced. No answer was filed on- Mr. Andrews’ behalf, thus, as to him, issue was never joined. A preliminary default was entered against him, but it was never confirmed.
The case was fixed for trial on the merits three times, twice continued, and on the third setting, September 22, 1971, counsel for plaintiff and Mrs. Andrews appeared and agreed to submit the matter on a written stipulation of facts.[1] Although the *372 stipulation was never submitted, judgment on the merits was rendered dismissing plaintiff’s suit against both defendants. Plaintiff has appealed.
We therefore find it necessary to remand this matter in order to afford the litigants an opportunity to clarify the status of the defendant Richard J. Andrews; to file additional pleadings; and to adduce evidence upon which a judgment may be predicated.
For the reasons assigned, the judgment appealed from is annulled and it is ordered this case be remanded for further proceedings consistent with the views expressed herein. Assessment of costs of this appeal is to await the final disposition of this case.
Annulled and remanded.

. The court’s minute entry for that date merely recites, “Each attorney will submit a memorandum.”
The transcript of the proceedings on the same date contains no testimony but only the following colloquy between the attorney and the court:
“BY MR. EASON:
May it please the Court, counsel has agreed to submit a written stipulation to the Court and thereafter at the pleasure of the Court submit written memorandums on the case. This is a factual issue. The Parish contends they over-paid certain rentals and the defendant contends if we over-paid, it is our fault and we lose the money.
What we will do is prepare, with the Court’s permission, a written stipulation as to those facts and say fifteen days after the entering of the stipulation, I will come back with a written memorandum and fifteen days later Mr. Stumpf will come back.
BY THE COURT:
Thank you Mr. Eason.”